IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WILLIE J PARKER, JR,**<br><br>*Plaintiff,*<br><br>v.<br><br>**PROGRESSIVE MOUNTAIN INSURANCE COMPANY,** *et al.*,<br><br>*Defendant.* | CIVIL ACTION NO.<br>5:20-cv-00202-TES |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**
_____

Before the Court is Plaintiff's Motion to Remand [Doc. 6] this personal injury case to the State Court of Bibb County. Having considered the record, the parties' arguments, and the relevant law, the Court finds that it has subject-matter jurisdiction over this diversity claim and that it was properly removed. Accordingly, the Court **DENIES** Plaintiff's Motion to Remand [Doc. 6].

## BACKGROUND

Plaintiff filed suit against Defendants in the State Court of Bibb County, Georgia, alleging damages from a motor vehicle accident. [Doc. 1-2, pp. 3—5]. Plaintiff seeks damages resulting from medical expenses, pain and suffering, emotional distress, lost wages, and out of pocket expenses. [*Id.*, p. 5]. Defendants removed the action to this

Court based on diversity jurisdiction. [Doc. 1].[1] In its Notice of Removal, Defendants aver that Defendant Progressive is an Ohio corporation with its principal place of business in Ohio, Defendant Jonathon Hurte is a citizen of South Carolina, and Plaintiff is a citizen of Georgia. [*Id.* at ¶¶ 1—3]. Defendants assert that Plaintiff's medical expenses, coupled with the other damages Plaintiff pursues, demonstrate that "Plaintiff seeks to recover amounts in excess of the amount in controversy required for removal." [Doc. 1, ¶¶ 2—3].

## DISCUSSION

### A. Standard of Review

Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing defendant "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001). If the plaintiff does not state a specific amount of damages in his complaint, removal is proper where it is apparent from the face of the complaint that the amount in controversy would exceed $75,000. *Id.* But if the amount in controversy is not apparent from the face of the complaint, the Court may look to the notice of removal and may request additional evidence regarding the amount in controversy. *Id.* To ascertain whether an action meets the amount-in-controversy jurisdictional requirement, the Court may

---

[1] This case does not present a federal question.

"make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and should use "judicial experience and common sense," rather than "suspend[ing] reality." *Roe v. Michelin N. Am., Inc.*, 613 F3d 1058, 1061–62 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754, 770 (11th Cir. 2010)). Removal is generally unfavored; therefore, any "ambiguities are generally construed against removal." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998).

    B.    <u>Analysis</u>

Here, it is not facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000; there is no allegation regarding the amount of Plaintiff's special damages, such as medical expenses or lost wages. In their Notice of Removal, Defendants argue that the evidence of medical expenses and the types of damages Plaintiff seeks sufficiently push this case beyond the $75,000 threshold. Conversely, Plaintiff argues in his Motion to Remand that the amount in controversy is below $75,000 and that Defendants' contentions lack the necessary evidentiary support. [Doc. 6-1, pp. 4—5].

To carry its burden showing removal is proper, Defendants offer the medical bills that Plaintiff has produced to them thus far in the litigation. Specifically, Plaintiff has tendered medical bills to Defendants showing a total of $44,863.18 to date. [Doc. 15, p. 2]; [Doc. 15-1]; [Doc. 1-4]. Given the amount of these special expenses alone, the

Court relies on its experience and common sense to determine that considering potential lost wages and general damages, the Defendants have carried their burden to satisfy the amount-in-controversy threshold necessary to invoke the Court's diversity jurisdiction.

## CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion to Remand [Doc. 6].

**SO ORDERED**, this 15th day of July, 2020.

s/Tilman E. Self, III
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**
